IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRANDON ROBINSON, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:21-cv-00211-JRG-RSP |
| DCARO OAO | § § § | |
| *Defendant*. | § § § | |

**REPORT AND RECOMMENDATION**

Plaintiff Brandon Robinson filed a complaint against defendant "DCARA OAO" on June 10, 2021, seeking "review" of an "Administrative Law Judge's action" in a claim for "disability benefits." Dkt. No. 1. On the same day, Robinson moved to proceed *in forma pauperis*. Dkt. No. 2. Shortly thereafter, the case was referred to the undersigned. Dkt. No. 3. No further action was taken in this case until June 27, 2022, when the Court ordered Robinson to "refile his complaint to include a jurisdictional statement and a properly named defendant, along with details concerning the action from which he is trying to appeal." Dkt. No. 4. Other than the initial filing and motion to proceed *in forma pauperis*, Robinson has taken no additional action.

"Courts have an 'inherent power' to dismiss cases for lack of prosecution. This power enables courts to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *United States v. Amieva-Rodriguez*, 905 F.3d 288, 289 (5th Cir. 2018) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (affirming a district court's dismissal for failure to prosecute)). Because Robinson has failed to further prosecute his claims, the Court recommends that the claims should be **DISMISSED without prejudice.** In accordance with *Campbell v. Wilkinson*, the Court further recommends **suspending the statute of**

**limitations** in this case for a period of **sixty (60) days** from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 3rd day of February, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE